OF THE

## TERRITORY OF ARIZONA,

### JANUARY TERM, 1883.

---

IN THE MATTER OF THE ESTATE OF **THOMAS RODDICK,**
DECEASED.

No APPEAL LIES FROM PROBATE COURT DIRECTLY TO SUPREME COURT.
All appeals from the probate court must be taken to the district court.

APPEAL from an order of the probate court of the county
of Pima, denying the petition of Guadalupe Roddick for
family allowance.

*Ben Morgan,* for the appellant.

*Farley & Pomroy,* for the respondent.

1. No appeal lies from an order of the probate court di-
rectly to this court. An appeal is the creature of the stat-
ute. *Appeal of S. O. Houghton,* 42 Cal. 35. An appeal is
a process of civil-law origin, and a writ of error is of com-
mon-law origin. 3 Estee's Pl. 626, and cases cited. This is
not claimed nor can it be construed to be brought before
this court on writ of error, as no writ of error appears

bringing it here; besides, no writ of error lies where the statute has granted an appeal. *Haight* v. *Gay*, 8 Cal. 297. In cases similar to the present the statute grants an appeal from the probate court to the district court. Comp. Laws, p. 304, sec. 294. The supreme court has jurisdiction to review on appeal the judgment of the district court in a case brought into that court from another court. Id., p. 395, sec. 3. In all cases the appeal reviews the judgment of the district court only.

2. But granting that an appeal lies in this case, there are no grounds of error assigned in the statement or transcript on appeal; therefore the party has no right to be heard on any. Because, even though error may be found to have been committed in the court below, upon an examination of the transcript, yet if not set forth as grounds of reliance, it is to be deemed released and waived. Comp. Laws, p. 461, sec. 340; *Barstow* v. *Newman*, 34 Cal. 90; *Walls* v. *Preston*, 25 Id. 59; *Millard* v. *Hathaway*, 27 Id. 119; *Crowther* v. *Rowlandson*, Id. 376.

3. Supposing the exceptions taken to the rulings of the court below to be the errors assigned and relied upon on this appeal, these rulings were not error. All the objections and rulings were to the same effect. Appellant sought below to give evidence concerning transactions or communications had personally with deceased, as against the heirs of said deceased, to which objection was made and sustained. The ruling was correct under the statute. Comp. Laws, p. 472, sec. 420.

By Court, FRENCH, C. J.:

The appeal in this case is from an order of the probate court of the county of Pima, wherein the claim of Guadalupe Roddick for family allowance was denied.

The appeal should have been to the district court of the first district. No appeal lies from a probate court to the supreme court. All appeals from the probate court must be to the district court. The action of the district court on such appeal may be reviewed here. Appeal is the creation of the statute, and the whole matter of appeals is expressly provided for in the statutes of the territory.

Appeal dismissed.

PORTER and SILENT, JJ., concurred.